UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAKAI QUNTAY BELLAMY,<br>    *Defendant*. | No. 3:19-cr-00123 (JAM) |

**ORDER DENYING WITHOUT PREJUDICE
MOTION OF DEFENDANT TAKAI BELLAMY FOR SENTENCE REDUCTION**

Takai Quntay Bellamy is a sentenced prisoner of the Federal Bureau of Prisons ("BOP") at the Donald W. Wyatt Detention Facility ("Wyatt"). In light of the coronavirus ("COVID-19") public health emergency, he moves pursuant to 18 U.S.C. § 3582(c)(1)(A) to be released from imprisonment and to serve his remaining prison sentence on home confinement. Doc. #434.

Federal law allows a court to grant a motion to reduce a federal prison inmate's sentence if there are "extraordinary and compelling" reasons to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Importantly, however, Congress conditioned the right of a defendant to file a motion for sentence reduction upon the defendant's first requesting the prison warden to file such a motion on the defendant's behalf. Specifically, the law allows for a defendant's motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Bellamy does not allege that he has sought relief from the warden at the Wyatt facility. Instead, he asks that I excuse or waive the law's exhaustion requirement. The Government opposes Bellamy's motion on the ground that he has not exhausted his remedies as required

1

under section 3582(c)(1)(A), although the Government states that it does not otherwise oppose the motion on the merits in light of the limited time that Bellamy has to serve and his mental health issues.

I have recently ruled that the exhaustion requirement of section 3582(c)(1)(A) is mandatory and that a court does not have authority to make equitable exceptions. *See United States v. Vence-Small*, 2020 WL 1921590 (D. Conn. 2020). Accordingly, I decline to waive the exhaustion requirement for Bellamy. If, however, the Government reconsiders its position and wishes to file a submission waiving the exhaustion requirement (especially in light of any changing conditions at the Wyatt facility), then the Court would understand such a submission to be the equivalent of a BOP motion for sentence reduction, *see id.* at *6, and the Court would be prepared to promptly grant the motion in light of the Government's lack of objection to Bellamy's motion on its merits.

It is so ordered.

Dated at New Haven this 22d day of April 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge